## WESTERN UNION TELEGRAPH COMPANY v. G. W. ADAMS.

### Decided May 24, 1905.

**1.—Telegraph—Charge.**

Evidence considered and held to present question of fact as to whether plaintiff, suing for negligent delay in the delivery of a telegram, would not, had it been duly delivered, on ascertaining that trains were late, have gone by private conveyance to the bedside of his dying son and reached same before he became unconscious; and the refusal of a charge limiting the jury to a consideration of the possibilities of reaching the son in time by railway held proper.

**2.—Requested Instructions.**

It was proper to refuse requested charges on matters fully covered by the instructions given.

**3.—Telegraph—Damages.**

Recovery of $350 as damages against a telegraph company for negligence preventing plaintiff reaching his dying son while conscious, sustained as not excessive.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Wilkins & Vinson,* for appellant.—The evidence was not sufficient to raise the issue that plaintiff would have gone to his son except by

train and the court therefore erred in refusing to give the special charges, requested by defendant, so restricting plaintiff's right to recover, and in not confining the jury, in the general charge, to the issue as to whether or not plaintiff could have gone by train to Denison and reached his son before he became unconscious, if the message had been promptly delivered to him. Western U. Tel. Co. v. Newman, 78 S. W. Rep., 700.

If the sender of the message knew the particular address of the plaintiff in Durant and negligently failed to furnish defendant with the same after he was notified that plaintiff could not be found, and his negligence contributed to the failure of plaintiff to reach his son before he became unconscious, plaintiff can not recover. Hargrave v. Western U. Tel. Co., 60 S. W. Rep., 687; Lambert v. Western U. Tel. Co., 45 S. W. Rep., 1034.

A telegraph company is not held in law to be an insurer of the correct and prompt transmission and delivery of messages, but is simply required to exercise ordinary care in these respects, and the defendant, in this case, was entitled to have its obligation in this respect clearly presented to the jury. Western U. Tel. Co. v. Edsall, 63 Texas, 674; Western U. Tel. Co. v. Neill, 57 Texas, 283; 2 Thompson on Negligence, sec. 2393; Joyce on Electric Law, sec. 17.

The verdict of the jury is excessive because the evidence, viewed in the most favorable light for the plaintiff, showed that he could not have been with his son but a few minutes at most before he became unconscious.

*Hatchett. & Hatchett* and *Cecil Smith*, for appellee.—It is the duty of the trial court to submit to the jury the issues fairly raised by the pleadings and evidence, and to refuse requested charges, which exclude such issues from the consideration of the jury, or which are on the weight of the evidence. Western U. Tel. Co. v. May, 8 Texas Civ. App., 178.

It is not the duty of the court to give a specific charge on contributory negligence requested by defendant where the matters embraced in the special charge are embraced in the main charge given.

The court correctly informed the jury that the duty of a telegraph company in transmitting and delivering messages was exercise of ordinary care.

Where the evidence shows that by the gross carelessness of a telegraph company a father is prevented from being with his son four or five hours while he was conscious, just before his death, and was unable to see him until he became unconscious, a judgment for $350 is meager compensation.

KEY, Associate Justice.—Appellee brought this suit against appellant, and recovered $350 damages on account of a failure to deliver a telegram within time to enable appellee to reach the bedside of his son before he died and while he was conscious. The message was delivered to appellant at Denison, Texas, and addressed to appellee at Durant, Indian Territory, which the proof shows was twenty miles from Denison.

Appellee alleged in his petition that if the message had been sent and delivered with reasonable dispatch, he would have gone from Durant to Denison and reached his son before he became unconscious. He submitted testimony tending to sustain these averments.

The appellant introduced testimony tending to show that on the day in question the passenger train running from Durant to Denison was several hours late, and that if the message had been sent and delivered with reasonable dispatch, the appellee could not have gone from Durant to Denison by railway, as he testified he would have done.

Thereupon, and after appellant closed its testimony, appellee took the stand and testified that if he had received information that the train was five or six hours late, he would have gone from Durant to Denison in a buggy, and that he could have made the trip in three hours' time.

Appellant requested the court to instruct the jury that unless they believed from the testimony that the message could have been delivered to appellee in time for him to have gone by train and reached his son before he became unconscious, to find for appellant.

This instruction was refused, and the court's charge did not restrict the jury to a finding that appellee could have reached Denison before his son became unconscious by any particular mode of traveling. We think the court's charge was correct and that the special instruction was properly refused.

The other requested instruction relating to that subject were properly refused, because they restricted the jury to a finding that appellee would have gone to Denison by train. There was testimony tending to show that if appellee had received the telegram in proper time, he would have ascertained that the train was late, and gone to Denison in a buggy in time to reach his son before he became unconscious.

Appellant's requested instruction on the subject of contributory negligence on the part of the sender of the message was properly refused, because that issue was fully and correctly presented in the court's charge. And the same may be said in reference to special charge number 12, instructing the jury that appellant was not an insurer, and that if they found from the evidence that it had exercised ordinary care to promptly deliver the message to appellee, then to find for appellant. Appellant was not sued as an insurer, and it was not necessary for the court to instruct the jury upon that subject; and appellant concedes that the court instructed the jury to find in its favor if they believed from the evidence that it exercised ordinary care in the transmission and delivery of the message.

The verdict is supported by testimony and we overrule the assignment which charges that it is excessive.

Nor error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.